UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAMES SAPIENZA,

                        Plaintiff,                        **ORDER**
                                                                    CV 09-1224(ARL)

      -against-

UNITED STATES DEPARTMENT OF VETERANS
AFFAIRS,

                        Defendant.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the defendant's motion to compel the plaintiff to produce expert reports from his treating physicians and the plaintiff's opposition to the motion. For the reasons that are set forth below, the motion is denied in part and granted in part.

      By way of background, the plaintiff commenced this action on March 24, 2009, alleging that employees of the defendant were negligent in the performance of a hernia procedure and a post-operative examination at the VA Hospital. In his Rule 26(a) disclosure, the plaintiff identified two of his treating physicians, namely Dr. Colantonio and Dr. Anghel. On February 26, 2011, the plaintiff provided the defendant with a Rule 26(a)(2)(C) disclosure identifying the subject matters on which Drs. Colantonio and Anghel were expected to present evidence as non-retained experts, including their conclusions that the defendant's employees were negligent. The defendant contends that if the plaintiff intends to call the doctors to testify about information acquired from other sources such as to the alleged negligent treatment plaintiff received at the VA hospital and/or the plaintiff's prognosis, then the plaintiff must produce written reports from his treating physicians.

      "'It is well settled that a treating physician is not subject to the disclosure obligations set forth in Fed. R. Civ. P. 26(a)(2)(B)' . . . [and] 'may provide expert testimony regarding a patient's illness, the appropriate diagnosis for that illness, and the cause of the illness.'" *Davids v. Novartis Pharm. Corp.,* 2011 U.S. Dist. LEXIS 55340 * 30 (E.D.N.Y. Apr. 19, 2012)(citing *Zanowic v. Ashcroft,* 2002 U.S. Dist. LEXIS 3857 (S.D. N.Y. Mar. 8, 2002) and *Gass v. Marriot Hotel Srvs., Inc.,* 588 F.3d 419, 426 (6th Cir. 2009)). However, "'[a] treating physician for whom no expert report is supplied is not permitted to go beyond the information acquired or the opinion reached as a result of the treating relationship to opine as to the causation of the injury or give an opinion regarding the view of an expert called by the defendant." *Id.* (citing *In re Aredia and Zometa Prod. Liab. Litig.*, 2009 U.S. Dist. LEXIS 71577 (M.D. Tenn. Aug. 13, 2009). "Therefore, the key to what a treating physician can testify to without being declared an expert [subject to the Rule 26 (a)(2)(B) disclosure obligations] is based on his personal knowledge from consultation, examination, and treatment of the plaintiff, 'not from information acquired from outside sources.'" *Robinson v. Suffolk Cty Police Dep't,* 2011 U.S. Dist. LEXIS 119356*13

(E.D.N.Y. Oct. 17, 2011).

The defendant contends that in this case, the plaintiff must produce written reports for both Drs. Colantonio and Anghel because Dr. Colantonio consulted with Dr. Anthony Reda, a urologist at the VA Hospital, and Drs. Colantonio and Anghel consulted each other concerning the plaintiff's prognosis.  The plaintiff disputes this contention.  He asserts that Dr. Colantonio's testimony will only relate to what he learned from the plaintiff, blood tests, the cat scan performed at Mercy Hospital and his treatment of the plaintiff.  He further asserts that Dr. Colantonio's testimony will not relate to anything he learned from Dr. Reda or Dr. Nohan, another doctor to whom he spoke.  Similarly, the plaintiff contends that Dr. Anghel's testimony will only be based on what she learned from her examination of the plaintiff and from her reading of the blood test she performed.  Given the plaintiff's representation, "both doctors may . . . offer opinion testimony on diagnosis, treatment, prognosis and causation, but solely as to the information [they] acquired through observation of the plaintiff in [their] role as [his] treating physician." *Id.*

The defendant also argues that even if the doctors are permitted to provide expert testimony without providing a report under 26(a)(2)(B), the summary that the plaintiff provided under Rule 26(a)(2)(C) is insufficient.  Specifically, the defendant argues that the summary is devoid of facts supporting the doctor's opinions.  Although courts are to take care in requiring undue detail, the Rule does mandate the disclosure of the facts supporting the expert opinions to be offered by the witness.  *See* Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note.  Here, the court agrees that the summaries are insufficient.  For example, the summary of Dr. Colantonio refers to "numerous operations" that were performed rather than specifying the nature of each of the operations.  Similarly, the summary does not make clear whether the doctor's conclusion that "the perforation and deadly infection were caused by negligence" was based only on the minimal facts included in the summary.  Dr. Anghel's summary contains no facts supporting her opinion that the seriousness of the infection was caused by the defendant's negligence.  Accordingly, if the plaintiff intends to have Drs. Colantonio and Anghel offer their expert opinions as to causation and the plaintiff's prognosis, the plaintiff must provide the defendants with revised summaries by June 15, 2012.

Dated: Central Islip, New York  
       May 31, 2012

SO ORDERED:

_____/s_____  
ARLENE R. LINDSAY  
United States Magistrate Judge